IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV213-MU
3:05CV214-MU
3:05CV216-MU

| | |
|---|---|
| In re: ) | |
| ) | |
| RFS ECUSTA, INC. and ) | |
| RFS US INC., ) | |
| ) | ORDER |
| Debtors, ) | |
| ) | |
| And Related Actions. ) | |
| ) | |

This matter is before the court upon motion of P.H. Glatfelter Company and Mollanvick, Inc. ("the Glatfelter Defendants") for recusal of the undersigned and vacatur of the May 6, 2005 Orders entered in five adversary proceedings before the United States Bankruptcy Court for the Western District of North Carolina.

On May 6, 2005, the undersigned was contacted in his capacity as Chief Judge of the Western District of North Carolina by two opposing counsel in the adversary proceedings at issue and informed that they intended to file motions to withdraw the reference in the five adversary proceedings. Upon review of the files of the five adversary proceedings, it appeared to the court that the five adversary proceedings involved some of the same facts and parties, that the matters were extremely complex and involved non-core issues, and that some parties had requested jury trials. As chief judge, the undersigned has the authority to assign cases, and it appeared that if the reference were withdrawn, the cases should be assigned to one judge and considered for possible consolidation. I agreed to enter proposed orders in the five adversary proceedings

1

indicating the court's intent to withdraw the reference and staying proceedings in the bankruptcy court until

further order of the court. The May 6 Orders expressly stated that "counsel for the parties in the five adversary proceedings identified in this Order shall have ten days from service of this Order by the plaintiff to object to a withdrawal of the reference by the undersigned Judge of all five adversary proceedings, after which the Court will consider the matter and enter orders accordingly in each of the five adversary proceedings." Two parties have since filed their objections to withdrawal of the reference. The court has not further considered withdrawal of the reference because of the pending motion for recusal and vacatur.

The Glatfelter Defendants seek the recusal of the undersigned pursuant to 28 U.S.C. § 455(a), which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In discussing the standard by which a judge is to consider a recusal motion, the Fourth Circuit has noted that " '[t]he question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.'" Aiken County v. BSP Div. of Envirotech Corp., 866 F.2d 661, 679 (4th Cir. 1989) (quoting Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978)).

When viewing the totality of circumstances herein, the court finds that one could not reasonably question the impartiality of the undersigned. The Orders that were entered by the court on May 6, 2005 did nothing other than indicate to the parties that it appeared to the court withdrawal of the reference in the subject adversary proceedings was appropriate, but that the court would not withdraw the reference until all the parties had an opportunity to file any

2

objections. Unlike the district court in Hathcock v. Navistar Internat'l Transp. Corp., 53 F.3d 36 (4th Cir. 1995), strenuously cited by the Glatfelter Defendants, the Orders entered by this court did not impose a drastic default sanction or otherwise dismiss or put an end to this litigation without giving the opposing side an opportunity to be heard. Moreover, the court is not guilty of making any sort of blatant remarks indicating a predisposition against any particular party, as did the judge in Hathcock. In short, given the effect, or lack thereof, of the May 6, 2005 Orders, the undersigned cannot imagine how a reasonable person could view the totality of the circumstances and question the impartiality of the undersigned. Accordingly,

IT IS THEREFORE ORDERED that the Glatfelter Defendants' Motion for Recusal and Vacatur is hereby DENIED.

**Signed: October 17, 2005**

*[Signature]*

Graham C. Mullen
Chief United States District Judge