FILED
CHARLOTTE, N. C.
MAR 6 2007
U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---------------------------------------------------------- X
In re:                                                     :  Chapter 7
                                                           :
RFS ECUSTA INC. and                                        :  Case Nos.    03-10358 (GRH)
RFS US INC.,                                               :  and          03-10360 (GRH)
                                                           :
            Debtors.                                       :  (Jointly Administered)
                                                           :
---------------------------------------------------------- X
                                                           :
LANGDON M. COOPER,                                         :
as Chapter 7 Trustee for the estates of                    :  Case No. 3:05-cv-214-MU
RFS ECUSTA INC. AND RFS US INC.,                           :
                                                           :
            Plaintiff,                                     :  Adv. Pro. No. 04-3233 (GRH)
                                                           :
    v.                                                     :
                                                           :
NATHU RAM PURI, et al.,                                    :
                                                           :
            Defendants.                                    :
                                                           :
---------------------------------------------------------- X
                                                           :
LANGDON M. COOPER,                                         :
as Chapter 7 Trustee for the estates of                    :  Case No. 3:05-cv-213-MU
RFS ECUSTA INC. AND RFS US INC.,                           :
                                                           :
            Plaintiff,                                     :  Adv. Pro. No. 04-3232 (GRH)
                                                           :
    v.                                                     :
                                                           :
P.H. GLATFELTER COMPANY, et al.,                           :
                                                           :
            Defendants.                                    :
                                                           :
---------------------------------------------------------- X

## **PRELIMINARY INJUNCTION ORDER AND ORDER OF ATTACHMENT**

Upon the motion ("Motion") of Plaintiff, Langdon M. Cooper, as Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the estates of RFS Ecusta Inc. ("Ecusta") and RFS US Inc. ("RFS", and together with Ecusta, the "Debtors"), for entry of an order (i) temporarily restraining and

564207v1  009033.0300

enjoining defendants Nathu Ram Puri ("Puri") and Purico (IOM) Limited ("Purico IOM", and together with Puri, the "Stockholders") from transferring any stock in Cadmus Communications Corporation ("Cadmus"), owned or held by or on behalf of the Stockholders or which the Stockholders have the right to exercise an option to purchase (the "Cadmus Stock"); (ii) directing the Stockholders to deliver any certificates of Cadmus Stock, held by or on behalf of the Stockholders, to the Western District of North Carolina to be held in escrow by Raboteau Wilder, Esq., the Stockholders' counsel in the above-captioned proceedings ("Stockholders' Counsel"), or to the registry of this Court (the "Court Registry"); and (iii) directing the United States Marshal to levy upon the Cadmus Stock; and upon the Memorandum of Law in support of the Motion (the "Memorandum of Law"); and upon the Declaration of Langdon M. Cooper filed in support of the Motion (the "Cooper Declaration"); and upon the Supplemental Declaration of Langdon M. Cooper filed in support of the Motion (the "Supplemental Cooper Declaration"); and upon the Affidavit of Ed Bowers filed in support of the Motion (the "Bowers Affidavit"); and upon the Affidavit of Carroll Missimer filed in support of the Motion (the "Missimer Affidavit"); and upon the Affidavit of Andrew Lederman filed in support of the Motion (the "Lederman Affidavit" and together with the Cooper Declaration, the Supplemental Cooper Declaration, the Bowers Affidavit, and the Missimer Affidavit, the "Supporting Documents"); and it appearing to the satisfaction of this Court that the allegations in the Supporting Documents are true; and the requirement that Plaintiff obtain a bond in connection with the attachment is satisfied upon Plaintiff posting security in the sum of $200;

NOW, THEREFORE, it is hereby

ORDERED that the Motion is granted in all respects; and it is further

ORDERED that nothing herein is intended to interfere with the Cadmus Merger and nothing herein shall be construed in such a way as to be inconsistent with the terms of the Stipulation and Order Regarding Compliance with Temporary Restraining Order and Order of Attachment and notice of Levy in Garnishment Proceeding entered in this action by this Court on March 6, 2007 (the "TRO Stipulation and Order"); and it is further

ORDERED that, to the extent that anything herein is inconsistent with the terms of the TRO Stipulation and Order, the terms of the TRO Stipulation and Order shall control; and it is further

ORDERED that, except as specifically provided herein, the Stockholders, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them are enjoined from transferring, selling, assigning, encumbering, or taking any other action with respect to the Cadmus Stock, including the 1,143,324 shares owned by or on behalf of Puri or Purico IOM and any shares of stock to which Puri may be entitled through the exercise of options or otherwise; and it is further

ORDERED that Purico IOM shall immediately deliver the certificate(s) representing the 421,924 shares of the Cadmus Stock registered in the name of Purico IOM to the Trustee; and it is further

ORDERED that Purico IOM shall immediately (i) request that a certificate be issued representing the 721,400 unregistered shares of Cadmus Stock that Purico IOM disclosed it owned in the Definitive Proxy Statement (the "Unregistered Shares") and deliver such certificate to the Trustee; and (ii) identify through which broker(s) or other party(s) Purico IOM holds the Unregistered Shares; and it is further

ORDERED that if Purico IOM (or any designee thereof) receives any consideration in connection with the Unregistered Shares, Purico IOM shall immediately cause such consideration to be paid in to the Court Registry; and it is further

ORDERED that the Stockholders are authorized to take those steps necessary and appropriate to approve the Cadmus Merger, including, without limitation, exercising their rights under that certain Voting Rights Agreement and Irrevocable Proxy dated as of December 26, 2006 among Cenveo, Inc. and Clary Limited, Purico (IOM) Limited, Melham US Inc. and Bruce V. Thomas; and it is further

ORDERED that the Trustee, his designee or counsel is authorized to levy upon the Unregistered Shares (or proceeds thereof) by serving a copy of this Order and garnishment process upon any broker or other entity that the Trustee reasonably believes may be holding the Unregistered Shares (or proceeds thereof); and it is further

ORDERED that any broker or other entity holding the Unregistered Shares (or proceeds thereof) that receives a copy of this Order shall transfer such Unregistered Shares (or proceeds thereof) to the Court Registry as directed by the Trustee or the clerk of the Court; and it is further

ORDERED that, pursuant to Bankruptcy Rule 7004, this Order may be served by persons in the employ of Mullen Holland & Cooper, P.A. or Moses & Singer LLP such as are over 18 years of age and not parties to this action, by whatever means practicable, including but not limited to electronic mail, facsimile, and hand, upon any broker or other entity and levy shall be effected by such service, with the result that such broker or other entity shall be restrained and prohibited from making or recognizing any transfer, sale, assignment or encumbrance of the Unregistered Shares (or proceeds thereof) other than to the Court Registry unless this Court shall order such transfer; and it is further

ORDERED that the $200 previously posted in connection with the order of attachment shall remain posted with the clerk's office for the United States District Court for the Western District of North Carolina.

Dated: Charlotte, North Carolina
       March 6, 2007
       5:25 p.m. EST

*[signature: Graham C. Mullen]*
The Honorable Graham C. Mullen
United States District Judge