IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 06-386

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| RFS ECUSTA INC. and<br>RFS US INC., | : | Case Nos. 03-10358 (GRH)<br>and 03-10360 (GRH) |
| Debtors. | : | (Jointly Administered) |
| LANGDON M. COOPER,<br>as Chapter 7 Trustee for the estates of RFS<br>ECUSTA INC. AND RFS US INC., | : | Case No. 3:05-cv-214-MU |
| Plaintiff, | : | Adv. Pro. No. 04-3233 (GRH) |
| v. | : | |
| NATHU RAM PURI, et al., | : | |
| Defendants. | : | |
| LANGDON M. COOPER,<br>as Chapter 7 Trustee for the estates of RFS<br>ECUSTA INC. AND RFS US INC., | : | Case No. 3:05-cv-213-MU |
| Plaintiff, | : | Adv. Pro. No. 04-3232 (GRH) |
| v. | : | |
| P.H. GLATFELTER COMPANY, et al., | : | |
| Defendants. | : | |

**STIPULATION AND ORDER AMONG LANGDON M. COOPER, AS CHAPTER 7 TRUSTEE, P.H. GLATFELTER COMPANY, AND MOLLANVICK, INC.**

WHEREAS, on September 8, 2006, this Court entered an Order approving the Settlement Agreement (the "Glatfelter Settlement Agreement") by and among Langdon M. Cooper, as Chapter 7 Trustee (the "Trustee") of the estates of RFS Ecusta Inc. and RFS US Inc. (together, the "Debtors") and P.H. Glatfelter Company and Mollanvick, Inc. (together, "Glatfelter");

WHEREAS, Section 3.3 of the Glatfelter Settlement Agreement provides:

> Except as otherwise set forth in Section 3.4 below, Glatfelter shall be entitled to share in any recovery the Trustee obtains in connection with the Puri Claims in excess of the Ancefin Proceeds,[1]

as follows:

> 3.3.1 Fifty percent (50%) of any recovery up to the sum of $2 million above the amount of the Ancefin Proceeds.
>
> 3.3.2 Twenty percent (20%) of any recovery in excess of the sum of $2 million above the amount of the Ancefin Proceeds.

WHEREAS, Section 3.6 of the Glatfelter Settlement Agreement provides, in pertinent part:

> The Trustee agrees to reimburse Glatfelter up to the sum of $100,000 for its reasonable out of pocket expenses (including counsel fees) incurred in (a) responding to requests by the Trustee or his counsel for Glatfelter's cooperation in connection with the Adversary Proceedings ....

WHEREAS, Glatfelter has provided the Trustee with time records reflecting that it has incurred in excess of $100,000 in expenses that are reimbursable under Section 3.6 of the Glatfelter Settlement Agreement;

---

[1] As of March 25, 2008, the Ancefin Proceeds (as defined in the Glatfelter Settlement Agreement) totaled $2,826,501.25.

WHEREAS, on February 14, 2008, this Court entered an Order approving a Settlement Agreement (the "Puri Agreement") by and among the Trustee, and Nathu Puri, Upendra Puri, Ajay Badhwar, Purico (IOM) Limited, Doorlock, Ltd., Ecusta Australia Pty Ltd., Purico GmbH, Ancefin, Ltd., and Environmental Design Consultancy (collectively, the "Puri Parties"), Columbia Casualty Company and CNA Financial Corporation, P.H. Glatfelter Company and Mollanvick, Inc. (the "Approval Order") which resolved the Puri Claims;

WHEREAS, the Approval Order provides that the Trustee shall pay Glatfelter the amounts owed pursuant to the Glatfelter Settlement Agreement within ten (10) days of the Transfer Date;

WHEREAS, while the Puri Agreement provides for the gross payment to the Estates of $10.4 million to resolve the Puri Claims (the "Gross Settlement Sum"), the Gross Settlement Sum is subject to certain reductions as part of the agreement, the Estates agreed to take on obligations thereunder and the Estate incurred significant expenses (primarily legal fees) in obtaining the Puri Agreement;

WHEREAS, as part of the Puri Agreement, Melham US Inc. ("Melham"), an entity owned or controlled by Nathu Puri, is allowed an administrative claim in the sum of $200,000 (which is expected to be paid in full) and a general unsecured claim in the sum of $353,918.00 (with respect to which it is unknown at this time what, if any, distribution will be made by the Estates with respect to the Melham's general unsecured claim);

WHEREAS, in addition, as part of the Puri Agreement, the Estates agreed to report the interest earned on the Ancefin Proceeds (defined in the Puri Agreement) and the Cadmus Acquisition Proceeds (defined in the Puri Agreement) as income on their tax return and to be responsible for the payment of any tax liability, if any, owed in connection with such

income and it is unknown at this time what tax liability, if any, will be owed by the Estates in connection with such interest income;

WHEREAS, further, pursuant to the Final Judgment and Bar Order entered by this Court in connection with the Puri Agreement, the Estates are obligated to maintain net unencumbered cash in an amount no less than $100,000 to support their obligations to indemnify the Puri Parties from any liability with regard to certain contribution and indemnity claims including costs of defending actual or threatened contribution and indemnity claims;

WHEREAS, based on a Gross Settlement Sum of $10.4 million (without taking into account the various deductions, potential liabilities and expenses incurred by the Estate) less the $2,826,501.25 in Ancefin Proceeds, Glatfelter's share of the Gross Settlement Sum would be $2,114,699.73;

WHEREAS, Glatfelter would also be entitled to $100,000 for legal fees pursuant to Section 3.6 of the Glatfelter Settlement Agreement;

WHEREAS, the Trustee believes it is appropriate to reduce the Gross Settlement Sum to take into account the deductions, potential liabilities and expenses incurred in connection with the Puri Agreement (the "Deductions").

WHEREAS, the Trustee has represented that there are other Deductions that he believes he is entitled to take out of the amount owed to Glatfelter, and Glatfleter believes that no Deductions are appropriate;

WHEREAS, in order to avoid further litigation, and in consideration of the Trustee's promise that the final amount settled upon to pay Glatfleter hereunder shall be final and not subject to reservation, contestability or other attack by the Trustee,

NOW THEREFORE, it is Stipulated and Agreed by the Trustee and Glatfelter, acting through their respective counsel, as follows:

The Trustee shall wire transfer to Glatfelter, no later than two (2) business days after this Stipulation is approved by the Court, the sum of $1,958,000.00 (the "Glatfelter Sharing Sum"), in full and final satisfaction of his obligations to Glatfelter under the Glatfelter Settlement Agreement including under Sections 3.3 and 3.6 thereof.

The Trustee and the Debtors shall have no other or further obligations to Glatfelter under the Glatfelter Settlement Agreement, and Glatfelter shall have no further obligations to the Trustee and Debtors under the Glatfelter Settlement Agreement or the Puri Settlement Agreement, except in each case for obligations under the Glatfelter Settlement Agreement (and the related Confidentiality Agreement) intended to survive the payment of the Glatfelter Sharing Sum, such as Glatfelter's indemnity obligations under Section 3.7 thereof and the Trustee's obligations with respect to confidential documents provided to him by Glatfelter.

The Trustee (which term shall include the Debtors and anyone acting on behalf of or in the shoes of the Trustee or Debtors) shall have no recourse against Glatfelter to collect any of the monies distributed to Glatfelter hereunder under any circumstances, including, but not limited to: for reason of any Deduction, or if it transpires that the Trustee's legal fees or costs in connection with any of the Ecusta litigation are larger than anticipated, or the obligations that the Estates have agreed to take on under the Puri Agreement are greater than currently anticipated including but not limited to if the actual distribution to Melham on account of its unsecured claim or the Estate's actual tax liabilities exceed the Trustee's current expectations, or for any other reason whatsoever whether having to do with the Puri Agreement or not. The payment to Glatfelter being made pursuant hereto shall be final and indefeasible and cannot later be

contested by the Trustee, and shall not be subject to any attempt to rescind, collect, otherwise get back or other attack by the Trusteee in any way, shape or form.

This Court (or any higher court of competent jurisdiction) shall retain jurisdiction to resolve any disputes under, to interpret, implement and enforce the provisions of this Order.

Dated: April __, 2008

| | |
|---|---|
| **MULLEN HOLLAND & COOPER, P.A.** | **P.H. GLATFELTER COMPANY and MOLLANVICK, INC.** |
| By: /s/ *Langdon M. Cooper* <br> Langdon M. Cooper <br> N.C. Bar No. 936 <br> P.O. Box 488 (28053) <br> 301 South York Street <br> Gastonia, North Carolina 28052 <br> (704) 864-6751 <br> Counsel to the Trustee | By: /s/ *Deborah H. Renner* <br> Deborah H. Renner, Esq. <br> Sonnenschein Nath & Rosenthal LLP <br> 1221 Avenue of the Americas <br> New York, New York 10020-1089 <br> <br> Helms Mulliss & Wicker, PLLC <br> Scott P. Vaughn, Esq. <br> 201 North Tryon Street <br> Charlotte, North Carolina 28202 |
| - and - | |
| **MOSES & SINGER LLP** <br> Alan E. Gamza <br> Lawrence L. Ginsburg <br> Christopher J. Caruso <br> 405 Lexington Avenue <br> New York, New York 10174-1299 <br> (212) 554-7800 <br> Special Counsel to the Trustee | |

SO ORDERED:

_____
GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE